AO 106 (Rev. 04/10) Application for a Search Warrant (Modified: WAWD 10-26-18)

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>US Mail Parcel, bearing confirmation number<br>EE453900302US | ) <br> ) <br> ) Case No.   MJ19-163<br> ) <br> ) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
xx, more fully described in Attachment A, incorporated herein by reference.

located in the _____Western_____ District of _____Washington_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment A, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 | Distribution of Controlled Substances & Unlawful Use of a Communications Facility, |
| 21 U.S.C. § 843 | (U.S. Mails) to Distribute Controlled Substances. |

The application is based on these facts:
✓ See Affidavit of Postal Inspector Katelyn R. Mitchell, continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: ____) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented: ☑ by reliable electronic means; or ☐ telephonically recorded.

*Applicant's signature*

Katelyn R. Mitchell, Postal Inspector
*Printed name and title*

○ The foregoing affidavit was sworn to before me and signed in my presence, or
◉ The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date:   04/22/2019

*Judge's signature*

City and state:  Seattle, Washington    Brian A. Tsuchida, Chief United States Magistrate
*Printed name and title*
Judge

USAO: 2019R00298 [COLLIER to NGUYEN]

| | |
|---|---|
| STATE OF WASHINGTON | ) |
| | )  ss |
| COUNTY OF KING | ) |

**AFFIDAVIT**

I, Katelyn R. Mitchell, being first duly sworn on oath, depose and say:

**BACKGROUND**

1. I am a United States Postal Inspector, assigned to investigate the unlawful transportation of contraband, including Title 21 controlled substances, through the United States Mail. I have been employed as a Postal Inspector since April 2016 and am currently assigned to Seattle Division Headquarters, located in Seattle, Washington. As part of my duties, I investigate the use of the United States Postal Service (USPS) to illegally mail and receive controlled substances, the proceeds of drug trafficking, and instrumentalities associated with drug trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute controlled substances), and 843(b) (unlawful use of a communication facility, including USPS, to facilitate the distribution of controlled substances). I have completed United States Postal Inspection Service (USPIS) Basic Inspector Training in Potomac, Maryland and received specialized training in the investigation of controlled substances in the United States mails. I have also received training on the identification of controlled substances, interdiction of controlled substances and proceeds thereof.

2. The information contained in this affidavit is based upon knowledge I gained from my investigation, my personal observations, my training and experience, and investigation by other Inspectors, agents, and officers. Because the purpose of this affidavit is limited to setting forth probable cause to search the subject parcel, I have not set forth every fact of which I am aware pertaining to the investigation. This search warrant application is presented electronically pursuant to Local Criminal Rule CrR 41(d)(3).

AFFIDAVIT OF KATELYN R. MITCHELL – 1
USAO# 2019R00298 [COLLIER to NGUYEN]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

3. From my training and experience, I am aware that USPS is often used to transport controlled substances and/or the proceeds from the sales of controlled substances throughout the United States. I have learned and observed that sometimes drug traffickers put controlled substances and proceeds in the same package. I also know that drug traffickers prefer mail/delivery service such as Express and Priority Mail because of the reliability of this service and the ability to track the article's progress to the intended delivery point. When a drug trafficker learns that a mailed article has not arrived as scheduled, he/she becomes suspicious of any delayed attempt to deliver the item.

4. In addition, I am aware that the USPS Express and Priority Mail services were custom-designed to fit the needs of businesses by providing overnight delivery for time-sensitive materials. Business mailings often contain typewritten labels, are in flat cardboard mailers, and usually weigh less than eight (8) ounces. Businesses often use corporate charge accounts and/or print their account number on the Express and Priority Mail label in order to expedite transactions with USPS.

5. Based on my training and experience concerning the use of Express and Priority Mail for the transportation of controlled substances and/or the proceeds from the sales of controlled substances, I am aware these packages usually contain some or all of the following characteristics (which are different than characteristics of packages being sent by legitimate businesses):

    a. Unlike typical Express and Priority Mail business mailings which usually have typed labels, packages containing controlled substances and/or proceeds often have handwritten address information. In addition, the address information often contains misspelled words or incomplete/incorrect addresses. This is done in an effort to help conceal the identities of the individuals involved.

    b. The handwritten label on Express and Priority Mail packages containing controlled substances and/or proceeds often does not contain a business account number and/or credit card number. This is an indication that the sender likely paid cash. A credit card or

AFFIDAVIT OF KATELYN R. MITCHELL – 2
USAO# 2019R00298 [COLLIER to NGUYEN]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

business account number would more likely enable law enforcement officers to connect the package to identifiable individuals.

    c.    Express and Priority Mail packages containing controlled substances and/or proceeds often stand out from typical business mailings as they do not bear any advertising on the mailing container/box, and are usually being mailed from one individual to another.

    d.    The sender and/or recipient addresses on Express and Priority Mail packages containing controlled substances and/or proceeds often are either fictitious or persons not known to postal personnel familiar with the addresses listed.

    e.    The zip codes for the sender addresses on Express and Priority Mail packages containing controlled substances and/or proceeds often is different from the zip codes of the post offices from where the parcels were mailed.

    f.    Express and Priority Mail packages containing controlled substances and/or proceeds are often heavily taped with tape on the seams of the parcel in an effort to conceal scent.

    g.    Express and Priority Mail packages containing controlled substances and/or proceeds often include a waiver of signature.

6.    Inspectors who encounter a package with any or all of the above characteristics often further scrutinize the package by, among other tactics, conducting address verifications and using a trained narcotic-detecting canine.

## ITEM TO BE SEARCHED

7.    As set forth in Attachment A, this affidavit is made in support of an application for a search warrant for one USPS Express Mail parcel, hereinafter referred to as "SUBJECT PARCEL." This parcel is believed to contain controlled substances or proceeds from the sale of controlled substances. The SUBJECT PARCEL is an Express Mail parcel addressed to "Rich Nguyen, 16516 Twin Lake Ave. #K102, Marysville, WA 98271," with a return address of "LaJohnta Collier, 2605 Maple St., Texarkana, TX 75501." The SUBJECT PARCEL measures approximately 10" x 6" x 16" with a weight

AFFIDAVIT OF KATELYN R. MITCHELL – 3
USAO# 2019R00298 [COLLIER to NGUYEN]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of approximately 3 pounds, 13 ounces. The SUBJECT PARCEL is postmarked April 17, 2019, from Texarkana, TX 75501, and carries $58.80 in postage. The tracking number assigned to the SUBJECT PARCEL is EE453900302US.

8. The SUBJECT PARCEL is currently in the custody of the U.S. Postal Inspection Service Office located at 10700 27th Ave. S., Seattle, WA 98178.

## ITEMS TO BE SEIZED

9. The application requests that law enforcement officers and agents be authorized to seize the following from the SUBJECT PARCEL, which constitute the fruits, instrumentalities, and evidence of mailing and distribution of controlled substances in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute controlled substances) and 843(b) (unlawful use of a communication facility, including the U.S. mails, to facilitate the distribution of controlled substances):

   a. Controlled substances, including, but not limited to, cocaine, heroin, marijuana and methamphetamine;

   b. Monetary instruments, including but not limited to, currency, money orders, bank checks, or gift cards;

   c. Controlled substance-related paraphernalia;

   d. Documentary evidence relating to the purchase, sale, and/or distribution of controlled substances;

   e. Notes, letters and other items which communicate information identifying the sender and/or recipient or pertaining to the contents of the mailing; and

   f. Fingerprints and/or handwriting, to identify who handled and/or mailed the package.

AFFIDAVIT OF KATELYN R. MITCHELL – 4
USAO# 2019R00298 [COLLIER to NGUYEN]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# THE INVESTIGATION

10. On April 18, 2019, U.S. Postal Inspectors were performing an Express Mail interdiction at the United States Postal Service mail facility located at Seattle Processing and Distribution Center (P&DC), 10700 27th Ave. S., Seattle, Washington. The emphasis for the interdiction was targeting inbound Express and/or Priority Mail parcels and envelopes possibly containing narcotics and/or monetary proceeds derived from illegal drug trafficking activity.

The SUBJECT PARCEL was initially identified as a suspicious parcel due to the fact that the parcel is heavily taped at the seams and the signature requirement upon delivery has been waived. I know through my training and experience that it is common for individuals engaged in narcotics trafficking to avoid contact with postal employees and providing identifying information in an effort to evade law enforcement detection and mask their true identities. On April 18, 2019 the SUBJECT PARCEL was removed from the mail stream in Seattle, WA for further inspection.

11. Using USPS and law enforcement databases, I researched the sender name and address listed on the SUBJECT PARCEL. I learned that the address "2605 Maple St., Texarkana, TX" is a true and deliverable address and that an individual by the name of "LaJhonta Collier" is associated with the address.

12. Using USPS and law enforcement databases, I also researched the recipient address. I learned that the address "16516 Twin Lake Ave. #K102, Marysville, WA 98271" is a true and deliverable address; however, no individual by the name of "Rich Nguyen" is associated with the address. Further, open source research indicates that "16516 Twin Lake Ave. #K102, Marysville, WA 98271" is the business address for Lakewood Nail & Spa, LLC. I know through my training and experience that it is common for individual engaged in narcotics trafficking to address narcotics and/or narcotics proceeds to businesses or alternate locations in an attempt to conceal their true identity and residence and evade law enforcement detection.

AFFIDAVIT OF KATELYN R. MITCHELL – 5
USAO# 2019R00298 [COLLIER to NGUYEN]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1       13.     Based upon this information, on April 18, 2019, inspectors requested the
2 assistance of Tukwila PD Detective James Sturgill and his canine partner "Apollo."
3 Postal Inspectors concealed the SUBJECT PARCEL in an open warehouse free of the
4 odor of narcotics. At approximately 9:01 AM, Detective Sturgill and canine Apollo began
5 to search the warehouse in a systematic manner. At approximately 9:01 AM, Detective
6 Sturgill observed an immediate change of behavior when Apollo approached the
7 concealed SUBJECT PARCEL. Apollo stopped, took a deep breath and performed "sit"
8 indicating the positive odor of narcotics emitting from the parcel.  Detective Sturgill and
9 canine Apollo's training and qualifications is attached to this affidavit and incorporated
10 herein by reference. The SUBJECT PARCEL was referred to me for further investigation
11 and search warrant preparation and is currently stored at the U.S. Postal Inspection
12 Service office located at 10700 27th Ave S., Seattle, WA 98168.
13 //
14 //
15 //

AFFIDAVIT OF KATELYN R. MITCHELL – 6
USAO# 2019R00298 [COLLIER to NGUYEN]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CONCLUSION

14. Based on the facts set forth in this Affidavit, as well as the attached affidavits (incorporated herein by reference) of Detective Sturgill, I respectfully submit that there is probable cause to believe that the SUBJECT PARCEL contains controlled substances, currency, documents, or other evidence, more fully identified in Attachment B, that relate to the mailing and distribution of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute controlled substances) and 843(b) (unlawful use of a communication facility, including the U.S. mails, to facilitate the distribution of controlled substances).

_____
KATELYN R. MITCHELL
U.S. Postal Inspector, USPIS

The above-named agent provided a sworn statement attesting to the truth of the contents of the foregoing affidavit on \_\_22nd\_\_ day of April, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

AFFIDAVIT OF KATELYN R. MITCHELL – 7
USAO# 2019R00298 [COLLIER to NGUYEN]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**ATTACHMENT A**
Parcel to be searched

One Express Mail parcel addressed to "Rich Nguyen, 16516 Twin Lake Ave. #K102, Marysville, WA 98271," with a return address of "LaJohnta Collier, 2605 Maple St., Texarkana, TX 75501." The SUBJECT PARCEL measures approximately 10" x 6" x 16" with a weight of approximately 3 pounds, 13 ounces. The SUBJECT PARCEL is postmarked April 17, 2019, from Texarkana, TX 75501, and carries $58.80 in postage. The tracking number assigned to the SUBJECT PARCEL is EE453900302US.

ATTACHMENT A – 1
USAO# 2019R00298 [COLLIER to NGUYEN]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# **ATTACHMENT B**
Items to be seized

The following items that constitute evidence, instrumentalities, or fruits of violations of Title 21, United States Code, Section(s) 841(a)(1) and 843(b):

a. Controlled substances, including, but not limited to, cocaine, heroin, marijuana and methamphetamine;

b. Monetary instruments, including but not limited to, currency, money orders, bank checks, or gift cards;

c. Controlled substance-related paraphernalia;

d. Documentary evidence relating to the purchase, sale, and/or distribution of controlled substances;

e. Notes, letters and other items which communicate information identifying the sender and/or recipient or pertaining to the contents of the mailing; and

f. Fingerprints and/or handwriting, to identify who handled and/or mailed the packages.

ATTACHMENT B – 1
USAO# 2019R00298 [COLLIER to NGUYEN]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# Tukwila Police Department
## Anti-Crime Team K-9

Detective James Sturgill
April 18, 2019

**DETAILS**

On April 18, 2019 at 0850 hours, I, Tukwila Police Detective/ USPIS TFO J. Sturgill assisted USPIS with a suspicious parcel at the Seattle Processing and Distribution Center located at 10700 27th Avenue South, Tukwila, Washington 98168. My canine partner (Apollo) and I searched a warehouse to clear it of any scent of narcotics. USPIS Inspector Michelle Brooks then placed the suspicious package in the warehouse outside of the view of my canine partner, "Apollo" and I. At approximately 0901 hours, Apollo and I started the search for the suspicious parcel by sniffing the warehouse in a systematic manner. Upon encountering the parcel, Apollo stopped and took a deep breath and sat. When Apollo sits, it is an indication to me that he could smell the odor of narcotics coming from the parcel. I rewarded Apollo with a rubber ball. At approx. 0901 hours, Apollo alerted on the following parcel:

> **Tracking #: EE453900302US**
>
> **Sender: LaJhonta Collier, 2605 Maple St., Texarkana, TX 75501.**
>
> **Recipient: Rich Nguyen, 16516 Twin Lake Ave # #K102, Marysville, WA 98271.**

This concludes my involvement in the case.

**OFFICERS TRAINING/EXPERIENCE**

I, James Sturgill have been a commissioned law enforcement officer for the past sixteen years. I am employed by the City of Tukwila and have recently been assigned to the Tukwila Anti-Crime Team; I am currently the K-9 Narcotic's Detective assigned to that unit. During my career, I have investigated several narcotics-related crimes in and around the City of Tukwila.

My current duties include investigating federal and state narcotics violations within the jurisdiction of the County of King, the State of Washington, and the United States.

During my career, I have received extensive training to include: 720 hours at the Washington State Criminal Justice Training Center's Basic Law Enforcement Academy. This training includes numerous hours of instruction on Criminal Law, Property Crimes, Crimes against Persons, basic report writing, Narcotics Investigations and recognition (including the recognition of marijuana, cocaine, heroin and methamphetamine). I have received further training to assist me with narcotics investigations and arrests. In 2006, I received 48 hours of Gang Investigation and Street Crimes training. These courses included gang and narcotic recognition, buy bust operations, surveillance and interview techniques, how narcotics are transported and where narcotics can be hidden in vehicle's, homes, and in humans. In 2013, I received 24 hours of similar training by attending Gangs in the Northwest and Street Survival. I also

attended How to Manage a CI in 2013. This course focused on how to interview suspects of narcotics related offenses and how to turn that person into a confidential informant. This course included interview techniques and basic search warrant preparation and service. In 2014, 2015 and 2018, I received nationally recognized narcotics training provided by California Narcotics Officers Association (CNOA). In 2014, 2015 and 2018 I received nationally recognized narcotics training provided by Washington State Narcotics Investigators Association (WSNIA). Both CNOA and WSNIA are 4-day classroom courses containing numerous narcotic related classes. In 2015 and 2018, I attended Operation Jetway Interdiction training. This 32-hour classroom course is conducted by EPIC/DEA and focuses on the many ways that police officers can interdict drugs and drug proceeds from DTO's. In 2016, I completed the 200-hour Washington State Narcotic's Canine Course. During the 6-week course, my canine partner "Apollo" was trained to identify and alert on the odors of Cocaine, Heroin, Methamphetamine and Marijuana. In 2017, I received 40 hours of classroom interdiction training with the nationally recognized International Narcotics Interdiction Association (INIA). During the early part of my career, I worked numerous cases with the Tukwila Anti-Crime (TAC) Team, working as a uniformed take down officer. I assisted the TAC Team with several buy walks and buy busts during my career. I also personally investigated numerous VUCSA cases while working as a patrol officer in the City of Tukwila.

By virtue of my assignment with the TAC Team, I am authorized to conduct investigations into violations of the Controlled Substances Act. In doing so, I have conducted a variety of investigations into violations ranging from simple possession of narcotics to the sales of narcotics. Because of this experience and training, I am familiar with common methods of investigating drug trafficking and have become familiar with the methods of operation of drug traffickers, their use of cellular telephones, telephone pagers, emails, and other electronic means of communication to further their narcotics trafficking activities; and their use of numerical codes, code words, counter-surveillance, and other methods of avoiding detection by law enforcement. I am also familiar with the various methods of packaging, delivering, transferring, and laundering.

I have participated in the execution of narcotics search warrants. Most commonly, these warrants authorize the search of locations ranging from the residences of drug traffickers and their coconspirator/associates, to locations used to manufacture, distribute and hide narcotics and drug proceeds. Materials searched for and often recovered in these locations include packaging materials, manufacturing items, scales, weapons, documents and papers reflecting the distribution of controlled substances and the identity of coconspirator associates, and papers evidencing the receipt, investment, and concealment of proceeds derived from the distribution of controlled substances.

**CANINE QUALIFICATIONS**

I'm currently assigned to the Tukwila Anti-Crime Team and handle a narcotics canine as a collateral duty. In November 2016, I completed the state mandated requirement of 200 hours of canine narcotics specific training and met the canine performance standards set by the Washington Administrative Code (W.A.C.) 139-05-915 for the Narcotic Dog Handler (General Detection).

On November 13, 2016 Canine "Apollo" and I were certified as a team by the Washington State Police Canine Association. We recertified on January 8th, 2019 in Bothell,WA. The WSPCA is an organization with voluntary membership to improve training and effectiveness of canine teams statewide. The WSPCA certification is also voluntary with more stringent standards than the state requirement. The substances trained on by the team are cocaine, heroin, methamphetamine and marijuana.

Apollo is a passive alert canine and he is trained to give a "sit response" after having located the specific location the narcotics odor is emitting from.  The handler is trained to recognize the changes of behavior the canine exhibits when it begins to detect the odor of narcotics.  The odor can be emitting from the controlled substance itself, or it can be absorbed into items such as currency, clothing, containers, packaging material, etc.  Narcotic smelling canines such as "Apollo" have an inherently keen sense of smell and will continue to alert on the container or item depending on the length of exposure to the controlled substance, and the amount of ventilation the item is exposed to.

Apollo's reward for finding narcotics / narcotic related items is a rubber ball or leather strap.  Apollo and I continue to train on a regular basis to maintain our proficiency as a team.
On-going training includes or will include:
- Training in all areas of interdiction, such as vehicles, boats, truck tractor and trailers, schools, currency, parcels and mail, airports and airplanes, bus and bus depots, storage units, residences, trains and train depots, prisons, motels, apartments, etc.
- Training on various quantities of controlled substances, ranging from grams to ounces, and pounds when available.
- Training on novel odors, such as odors that are distracting, masking, or new.
- Training on controlled negative (blank) testing, in which all objects or locations have no contraband present
- Training in "Double Blind" scenarios
- Extinction training, which proofs the dog and prevents him from alerting to common items associated with controlled substances, such as plastic bags, etc.

I maintain both training logs and field activity/application reports.  Both are available for review upon request.  At this time the team has found over 1000 narcotics substance training aids and 86 applications in the field resulting in the seizure of narcotics and currency.

Canine Apollo is trained to detect the presence of marijuana, heroin, methamphetamine, and cocaine. Canine Apollo cannot communicate which of these substances he has detected. Canine Apollo can detect minuscule amounts of these four substances. Canine Apollo cannot communicate whether the detected substance is present as residue or in measurable amounts. Despite these limitations, canine Apollo's alert provides probable cause to believe that evidence of a Violation of a Uniform Controlled Substance Act may be found where the canine provides a positive alert for the odor of controlled substances.

I certify or swear under the penalty of perjury the foregoing statement is true and correct.

Detective James C. Sturgill
Tukwila Police TAC Team
Badge #151